## (May 28, 1974)

■ CESAR T. BUJOSA, as Administrator of the Estate of IRMA SANTOS, Also Known as IRMA DE LAVEGA and IRMA BUJOSA, Deceased, Respondent, v. METROPOLITAN TRANSPORTATION AUTHORITY, Appellant.— In an action to recover damages for wrongful death and conscious pain and suffering, defendant appeals from an order of the Supreme Court, Nassau County, dated December 6, 1973, which (1) granted plaintiff's motion for leave to file a statement of readiness and (2) denied defendant's cross motion for summary judgment, without prejudice to renewal upon new papers. Order reversed, on the law, with $20 costs and disbursements, defendant's cross motion granted and plaintiff's motion dismissed as academic. On November 19, 1971, plaintiff's decedent was struck and killed by a Long Island Railroad (LIRR) train. This action was thereafter duly commenced against defendant, the Metropolitan Transportation Authority (MTA). No action was brought against LIRR. Plaintiff seeks to recover damages from the MTA for the alleged negligence of LIRR. We take judicial notice of the fact that MTA took over ownership of all the stock of LIRR under the powers granted to it by title 11 of article 5 of the Public Authorities Law (L. 1965, ch. 324, § 3). As a general rule,

a parent corporation will not be held liable for the torts of its subsidiary corporation, notwithstanding the former's complete ownership of the latter's stock (*Berkey* v. *Third Ave. Ry. Co.*, 244 N. Y. 84; 10 Fletcher's Cyclopedia Corporations [perm. ed.], § 4878). In our opinion, no substantial issues of fact have been raised by plaintiff which may warrant a finding that the relationship of defendant and the LIRR is such that the separate corporate status of the latter may be disregarded (*Rudy* v. *Metropolitan Commuters Transp. Auth.*, 42 A D 2d 910). Gulotta, P. J., Martuscello, Latham, Shapiro and Cohalan, JJ., concur.