■ THOMAS A. NELSON et al., Respondents, v DYKES LUMBER COMPANY, INC., Appellant and Third-Party Plaintiff-Respondent. KERBY SAUNDERS, INC., Third-Party Defendant-Appellant.—Judgment entered June 10, 1975 in the office of the clerk of the Supreme Court, New York County, in favor of plaintiffs Nelson against defendant Dykes and in favor of third-party plaintiff Dykes against third-party defendant Kerby Saunders and apportioning payment of said judgment between third-party plaintiff Dykes and third-party defendant Kerby Saunders at 10% and 90% respectively, unanimously affirmed, without costs and without disbursements. In this action by plaintiff Nelson to recover for personal injuries due to alleged negligence and breach of warranty by defendant Dykes in supplying defective scaffold planking to plaintiff's employer Kerby Saunders, the verdict in favor of plaintiff based solely on breach of warranty was proper. There was an implied warranty from Dykes to plaintiff of fitness for use of lumber Kerby Saunders obtained from Dykes and used as scaffold planking, which gave way while plaintiff was standing on it. (Codling v Paglia, 32 NY2d 330, 342.) The jury was justified in finding plaintiff used reasonable care and that there was no fault on his part which contributed to the occurrence (Codling, supra). In the third-party action by third-party plaintiff Dykes against third-party defendant Kerby Saunders on the theory of negligence, the issue as to their comparative negligence, if any, was upon the facts presented, properly submitted to the jury (Dole v Dow Chem. Co., 30 NY2d 143; Kelly v Long Is. Light. Co., 31 NY2d 25, 29; CPLR 1007). In connection therewith, the court correctly permitted the jury to consider possible breach by Kerby Saunders of the pertinent provisions of the Labor Law, including section 240 concerning standards of scaffolding in relation to employee safety. Additionally, the fact that Kerby Saunders could not have been sued by plaintiff Nelson due to the defense of workmen's compensation did not afford Kerby Saunders protection from having to apportion damages with Dykes, as it is settled that an employer can be liable in a third-party action involving injury to an employee even though the employer could not have been sued directly by the employee (Bellefeuille v City & County Sav. Bank, 43 AD2d 335; Tallarico v Long Is. Light. Co., 45 AD2d 845, affd 38 NY2d 733). The errors in the charge asserted by Kerby Saunders, even if recognized, are of too little moment to require a reversal of the judgment herein in any respect. Concur—Murphy, J. P., Birns, Capozzoli, Lane and Nunez, JJ.