■ TOBY JAVITZ, Plaintiff, v ARTHUR SLATUS et al., Respondents, and JOHN DOE, Doing Business as LOVEL PHARMACY, Appellant, et al., Défendant. — In an action to recover damages for personal injuries upon theories of negligence and breach of warranty, the appeal is from an order of the Supreme Court, Kings County (Composto, J.), dated June 3, 1982, which denied the renewed motion of Lovel Pharmacy for summary judgment dismissing the complaint. Order reversed, on the law, with one bill of costs, renewed motion granted and complaint dismissed as to appellant. The cross claims of defendants Slatus and Harod against Lovel Pharmacy are converted to third-party complaints. Plaintiff brought this action to recover damages for injuries alleged to have resulted from her use of the prescription drug "cleocin". She alleged that the drug, which was manufactured by defendant Upjohn Company, was prescribed for her by defendant Arthur Slatus, a dentist, and that the prescription was filled by appellant Lovel Pharmacy. It was further alleged that after using the drug, plaintiff developed certain symptoms · for which she sought treatment by defendant, Lewis J. Harod, a physician. It was claimed that Harod failed to properly diagnose plaintiff's symptoms as side effects resulting from her use of the drug. Based upon these claims, plaintiff asserted causes of action for negligence against all defendants, and for breach of warranty against Lovel Pharmacy and Upjohn Company. Specifically, plaintiff alleged that Lovel Pharmacy was negligent in failing to warn plaintiff of the known side effects of cleocin and that it had warranted that the drug was fit for human use and was merchantable. Issue was joined as to all defendants and each of them, except Upjohn Company, cross-claimed against each of the other defendants. Thereafter, Lovel Pharmacy moved for an order granting summary judgment dismissing the complaint as to it. The motion was initially denied without prejudice to renewal and in due course it renewed its request for relief. Appellant argued that it had dispensed the drug based upon a proper prescription, without compounding or altering the product as prepared by the manufacturer, and that therefore there was no triable issue of fact as to liability. Plaintiff did not oppose the renewed motion. It was opposed, however, by defendants Slatus and Harod. They argued that the examination before trial of Norman Richman, the pharmacist, revealed, *inter alia,* that he had filled the prescription over the telephone and had never verified that the person with whom he had spoken was actually Slatus or that he was a dentist. It was claimed that since Slatus denied ever having treated plaintiff or having prescribed the drug for her, a question of fact existed as to whether Lovel Pharmacy had properly filled the prescription. Trial Term denied the motion, finding that questions of fact existed as to whether Lovel Pharmacy had properly filled the prescription in accordance with subdivision 4 of section 6810 of the Education Law. We reverse. A party opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the claim rests (see *Zuckerman v City of New York,* 49 NY2d 557, 562; *Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276). Plaintiff's claim against the appellant is based upon an alleged breach of a duty to warn of harmful side effects, and breach of warranty. The opposing affidavits submitted on behalf of Slatus and Harod, and the testimony of the pharmacist at his examination before trial, only raise an issue of fact as to whether Lovel Pharmacy violated the mandate of subdivision 4 of section 6810 of the Education Law regarding the filling of an oral prescription. The causes of action set forth in plaintiff's complaint, however, are not based in any

manner upon a breach of that statute. A motion for summary judgment is to be determined upon the facts appearing in the record, without regard to technical defects or deficiencies in the pleadings, and should be denied "if plaintiff's submissions [provide] evidentiary facts making out a cause of action" (*Alvord & Swift v Muller Constr. Co., supra,* p 280). Here, however, the evidentiary facts making out a potential unpleaded cause of action were set forth by the codefendants rather than plaintiff, who took no position on the motion for summary judgment. To deny appellant's renewed motion for summary judgment in this case would require an alteration of plaintiff's theory of the case without any indication whatsoever from plaintiff of her desire to do so. Accordingly, in the absence of any submission setting forth evidentiary facts raising a question of fact as to plaintiff's claims, the motion for summary judgment should have been granted and the complaint dismissed as to appellant Lovel Pharmacy. Since appellant has been a party since the commencement of this action, no purpose would be served by compelling defendants Slatus and Harod to formally implead it as a third-party defendant. Accordingly, the cross claims of defendants Slatus and Harod against Lovel Pharmacy are converted to third-party complaints (see *Klinger v Dudley,* 41 NY2d 362; *Londino v Health Ins. Plan of Greater N. Y.,* 93 Misc 2d 18). O'Connor, J. P., Brown, Niehoff and Rubin, JJ., concur.