■ THERESA CUSICK, as Administratrix of the Estate of BRENDAN CUSICK, Deceased, Respondent, v LUTHERAN MEDICAL CENTER et al., Respondents, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. — In an action, *inter alia,* to recover damages for wrongful death based upon medical malpractice, defendants New York City Transit Authority (NYCTA) and Metropolitan Transportation Authority (MTA) appeal from an order of the Supreme Court, Kings County (Morton, J.), dated September 23, 1982, which denied their motion for summary judgment dismissing the complaint as against them.

Order reversed, on the law, with costs payable to appellants by plaintiff-respondent, motion granted, complaint dismissed as against appellants, action against them severed from the action against the remaining defendants, all cross claims by and against MTA dismissed, and all cross claims by and against NYCTA converted into third-party complaints.

Plaintiff brought this action to recover damages for the alleged wrongful death of her husband, a bus driver, employed by defendant NYCTA. Plaintiff, however, is barred by the exclusivity of remedy provision of section 11 of the Workers' Compensation Law from suing her husband's employer.

The complaint and cross claims by and against MTA must also be dismissed. It is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility (*Wenthen v Metropolitan Transp. Auth.,* 95 AD2d 852; *Bujosa v Metropolitan Transp. Auth.,* 44 AD2d 849; *Matter of Abrams v New York City Tr. Auth.,* 48 AD2d 69, affd 39 NY2d 990; *Prinz v City of New York,* 98 Misc 2d 952).

An employer may be liable in a third-party action involving injury to an employee even though the employer could not have

been sued directly by the employee (*Nelson v Dykes Lbr. Co.,* 52 AD2d 808). Since NYCTA has been a party since the commencement of this action, no purpose would be served by compelling the remaining defendants to formally implead it as a third-party defendant, nor by compelling NYCTA to protect its claim against the other defendants by serving a third-party complaint. Accordingly, all cross claims by and against NYCTA are converted to third-party complaints (*Javitz v Slatus,* 93 AD2d 830). Gibbons, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.