OMAR VIERA et al., Plaintiff, v UNIROYAL, INC., et al., Defendants.

CRYSTAL HOME CLEANERS OF L.I. CORP., Third-Party Plaintiff, v AFP COMMERCIAL AND HOME CLEANERS, INC., Third-Party Defendant.

CRYSTAL HOME CLEANERS OF L.I. CORP., Second Third-Party Plaintiff, v ARMANDO ROMANELLI et al., Individually and Doing Business as AA CLEANERS OF NEW YORK, Second Third-Party Defendants.

Supreme Court, New York County, June 7, 1988

1100

## APPEARANCES OF COUNSEL

*Joseph Kelner* for plaintiff. *Newman & Schlau, Evans, Orr, Pacelli, Norton & Lafan, P. C., Robert Damast, Smith Mazure Director & Wilkins* and *Alan Kaminsky* for defendants.

## OPINION OF THE COURT

MARTIN B. STECHER, J.

These motions and cross motions present us with new turns in the tortuous road on which choice of tort law has embarked since simple, straightforward *lex loci delictus* ceased to be our sole guide *(Babcock v Jackson,* 12 NY2d 473).

### THE FACTS

The relevant facts were stipulated. On June 9, 1979, plaintiff Omar Viera, a New York domiciliary, fell from a scaffold while helping to clear a factory in Kennett, Missouri, of smoke damage. The plant was leased to the defendant Uniroyal which engaged the cleaning services of defendant Crystal Home Cleaners of L.I., Inc. (hereafter Crystal). Uniroyal is a New Jersey corporation whose "principal place of business and World Headquarters" are in Connecticut. It has an office in New York County as well as a plant in Missouri (and as suggested by the stipulation, places of business throughout the world).

Crystal is a New York corporation domiciled here. Its written contract with Uniroyal was prepared by Uniroyal in Connecticut, "mailed to Crystal in New York and was thereafter accepted by Uniroyal in Connecticut." Crystal subcontracted the smoke clearance to third-party defendant AFP Commercial and Home Cleaners, Inc. (hereafter AFP), a New York corporation domiciled in New York. AFP is plaintiff Viera's employer. Crystal also engaged Baker Rentals of Paragould, Arkansas, to supply an unassembled scaffold to the work site; and engaged Armando Romanelli and Alberto Quintero doing business as AA Cleaners of New York to erect the scaffold. (AA Cleaners is, in all likelihood, a New York enterprise.) The Crystal contracts with Uniroyal and all of Crystal's subcontracts were to be performed exclusively in Missouri.

## THE MOTIONS

Uniroyal moves for partial summary judgment (CPLR 3212) dismissing the first and second causes of action to the extent they seek recovery from Uniroyal. The first cause of action invokes the statutory, nondelegable duty imposed by New York Labor Law § 240 on "contractors and owners" where scaffolds are used. The second cause of action is premised on the nondelegable duty imposed by New York Labor Law § 241 (presumably, subd [6]) on owners and contractors to provide a safe workplace to those engaged in "construction, excavation or demolition work". (We need not, for the purposes of this motion, determine whether Viera was engaged in "construction, excavation or demolition" *[but see, Jaroszewicz v Facilities Dev. Corp.,* 115 AD2d 159, 160].)

██ Crystal, although serving no notice of cross motion, "joins" in Uniroyal's motion and seeks dismissal of these first two causes against Uniroyal and Crystal. The failure to serve a notice of cross motion is not necessarily fatal *(Plateis v Flax,* 54 AD2d 813) and Crystal's application is considered on its merits.

Crystal, the New York contractor, cross-moves for a default judgment (CPLR 3215) against Romanelli and Quintero, the New York scaffold erectors, for failure to answer the second third-party complaint.

AFP, the New York cleaning subcontractors and Viera's employer, cross-moves to dismiss the third-party complaint on the ground that under Missouri law the third-party action does not lie against an employer where "both employer and employee have elected to accept the provisions of" Missouri's workers' compensation law.

## UNIROYAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT

We start with the proposition that the law of the State in which the tort was committed is the applicable law "to be rejected only when it is evident that the situs of the accident is the least of the several factors or influences to which the accident may be attributed" *(Neumeier v Kuehner,* 31 NY2d 121, 131 [concurring opn, Breitel, J.]). It has been said in a case where the plaintiffs and defendant were New Jersey domiciliaries and the locus and forum were in New York *(Schultz v Boy Scouts,* 65 NY2d 189, 198) that "the relative interests of the domicile and locus jurisdictions in having their laws apply will depend on the particular tort issue in

conflict in the case. Thus, when the conflicting rules involve the appropriate standard of conduct * * * the law of the place of the tort 'will usually have a predominate, if not exclusive, concern' * * * because [of] the locus jurisdiction's interests in protecting the reasonable expectations of the parties who relied on it to govern their primary conduct * * *. Conversely, when the jurisdictions' conflicting rules relate to allocating losses that result from admittedly tortious conduct * * * considerations of the State's admonitory interest and party reliance are less important." It has also been held that where plaintiff and defendant are domiciled in different States, as, for instance, a plaintiff passenger and defendant driver, we apply the rule of the locus State unless " 'it can be shown that displacing that normally applicable rule will advance the relevant substantive law purpose without impairing the smooth working of the multi-state system or producing great uncertainty for litigants' " *(Neumeier v Kuehner, supra,* at 128).

In my judgment to apply New York law to the dispute between the plaintiff and Uniroyal will "impair the smooth working of the multistate system". Labor Law § 240 has two purposes: to provide safety standards for scaffolds and other elevated places of work and to impose the nondelegable safety duty on "contractors and owners". Similarly, Labor Law § 241 (6) imposes on owners and contractors the nondelegable duty to provide a safe workplace for those engaged in construction, demolition or excavation.

It is not necessary, for the purposes of resolving Uniroyal's motion, to call these statutes solely "loss allocating" or solely "conduct directing"; for the choice of law issue, as between Viera and Uniroyal, is determined by the absence of a common domicile. Not only are they domiciled in separate States, but the domicile of neither is the place of the tort. There is no greater reason to impose New York law on the dispute between these two litigants than there is to impose the law of Connecticut, Uniroyal's domicile. Indeed, Uniroyal, having a situs in, and therefore being subject to the jurisdiction of, many States, deviation from the doctrine of *lex loci delictus* would permit any plaintiff suing Uniroyal to choose the forum, whose law is most hospitable to his claims. Where a defendant is subject to the jurisdiction of many States, forum shopping is best discouraged by applying both the loss-allocating and the standard-of-conduct law of the place of the tort *(see, Schultz v Boy Scouts, supra,* at 201).

Accordingly, Uniroyal's motion to dismiss the first and second causes of action to the extent pleaded against Uniroyal is granted, for New York's Labor Law is inapplicable to their dispute. The law of Missouri, the place of the tort, will govern.

CRYSTAL'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT

■ It is to be observed at the outset that there is no necessity to apply laws uniformly to all litigants in a single case where choice of law issues are involved (see, e.g., Babcock v Jackson, supra, at 484; Schultz v Boy Scouts, supra, at 197; Boxer v Gottlieb, 652 F Supp 1056, 1062). The same analytical approach to differently situated litigants may yield very different results. So it is with our approach to Uniroyal and to Crystal; for Viera and Crystal, unlike Viera and Uniroyal, are both domiciled in New York. (The result in Uniroyal's motion was dictated, in significant part, by the diversity of Viera's and Uniroyal's domiciles.)

■ There can be little doubt that the scaffold from which Viera fell had to be erected in a manner consistent with the laws of Missouri. Thus, the provisions of New York's Labor Law § 240 designating the weight-bearing capacity of a scaffold and similar provisions could not be made to supersede Missouri's law. Conduct in Missouri must follow Missouri law.

Section 240 (1) (and § 241 [6]) of the Labor Law, however, also impose a duty on "contractors and owners * * * who contract for but do not direct or control the work, in the * * * cleaning * * * of a building * * * [to] cause to be furnished or erected for the performance of such labor, scaffolding * * * which shall be so constructed * * * as to give proper protection to a person so employed." This portion of the statute does not direct how the scaffold shall be built, but it fixes the *responsibility* for safety on owners and contractors.

As indicated previously, given the diversity of Uniroyal's and Viera's residences, and the fact that the site of the work was not New York, it would be disruptive of "the smooth working of the multistate system" to allow New York to allocate responsibility to Uniroyal for its failure to insure safety in accordance with Missouri's law. As between Crystal and Viera, it is otherwise, for both are domiciled here and it appears from the parties' stipulation that Viera's employer sent Viera from his home State New York, at Crystal's behest, for the sole, temporary and transient purpose of performing this single job of cleaning in Missouri.

Although dealing with an issue of loss allocation, *Farber v Smolack* (20 NY2d 198) suggests the proper approach to the Viera-Crystal controversy. *Farber* involved a fatal automobile accident in North Carolina during a trip between Florida and New York. The single automobile involved was registered in New York to its New York resident owner who had lent it to the defendant. The defendant driver and all the passengers plaintiffs were New York domiciliaries as well. At issue was the vicarious liability of the absent owner. Under New York law his liability was coextensive with that of the driver (Vehicle and Traffic Law § 388). Under North Carolina law, lending the car to the driver created a merely rebuttable inference of agency *(supra,* at 201-202). As the court noted, not only were all involved New Yorkers but arrangements for the car's use had been made in New York. "Thus, the locality of the accident itself in North Carolina was the merest lateral chance. The basic juridical components suggest application of New York law" *(supra,* at 203; *see also, MacKendrick v Newport News Shipbuilding & Dry Dock Co.,* 59 Misc 2d 994).

Missouri has little interest in this dispute between a New York contractor and a New York laborer nor is its sovereignty impugned by imposing on the New York contractor the duty to protect New York workers in whatever transient location they may cause them to be sent. In no sense does such a rule lessen Missouri's right to set standards of conduct for work done in Missouri or to impose liability for failure to meet those standards. To require a New York contractor to accept the duty of care, as defined by Missouri law, towards such a New York employee " 'will advance the * * * substantive law purposes [of New York's Labor Law §§ 240, 241 (6)] without impairing the smooth working of the multi-state system or producing great uncertainty for litigants' " *(see, Neumeier v Kuehner, supra,* at 128).

It may also be argued, as the plaintiff does here, that the provisions of the Labor Law (§§ 240, 241 [6]) which impose responsibility as distinguished from setting standards, are loss distributing rather than conduct directing. In fact, they are a hybrid of these two artificially segregated areas of responsibility, for while conduct directing in that they obligate owners and contractors to furnish or cause to be furnished safe implements and places of work, they also impose liability for the malfeasance or nonfeasance of others. I see no need, however, to torture the Labor Law into the mold of guest statutes *(Babcock v Jackson, supra; Tooker v Lopez,* 24 NY2d

569), foreign death recovery limitations *(Miller v Miller,* 22 NY2d 12), or vicarious liability statutes *(Farber v Smolack, supra)* in order to reach the result achieved here. It is sufficient to observe, that imposing New York's law of responsibility on a New York contractor who engages, through a New York employer, the labor of a New York worker who is thereafter injured at his transient workplace, advances the substantive law purposes of New York without trespassing upon our multistate legal systems.

The motion of Crystal Home Cleaners of L.I. Corp. to dismiss the first and second causes of action as pleaded against it is denied.

### AFP'S MOTION

AFP, employer of the plaintiff Viera and third-party defendant to Crystal's third-party complaint, moves to dismiss the third-party complaint, which alleges AFP's duty, under New York's Labor Law, to provide its employees with safe appliances and a safe place to work; AFP's failure to provide such safety; and AFP's negligence* as the cause of Viera's injury. It seeks indemnification from or apportionment of any judgment which may be rendered against Crystal.

We are again confronted with a conflict between the laws of Missouri and the laws of New York. Under Missouri law (Mo Annot Stat, tit XVIII [Labor and Industrial Relations] § 287.120 [former (1)]) "[i]f both employer and employee have elected to accept the provisions of this chapter, the employer shall be liable irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee *or any other person"* (emphasis supplied).

It has been held that the underscored words mean precisely what they say *(State ex rel. Maryland Hgts. Concrete Contrs. v Ferris,* 588 SW2d 489); that a third party may not seek indemnification or contribution from such an employer for his contribution to his employee's injuries.

In New York, while an employer is absolved of civil liability to his employee for negligence resulting in injury if he pro-

---

* AFP's third-party complaint was pleaded against Baker Rentals & Sales, Inc., as well. That third-party action was previously dismissed for lack of personal jurisdiction.

vides workers' compensation benefits (Workers' Compensation Law § 11; *O'Rourke v Long,* 41 NY2d 219, 222), he may still be held liable by way of indeminification or contribution for his own neglect to one obligated to respond in damages to the employee *(Nelson v Dykes Lbr. Co.,* 52 AD2d 808, *lv denied* 40 NY2d 805).

■ The issue here between Crystal, the general contractor, and AFP, the plaintiff's employer, is exclusively loss distributional; and for the reasons set forth above, the law to be applied is that of New York, the State having the paramount, if not the only, interest in resolving the allocation of loss between the New York contractor Crystal, and the New York employer AFP, for the injury sustained by the New York employee Viera *(Schultz v Boy Scouts, supra; MacKendrick v Newport News Shipbuilding & Dry Dock Co., supra,* at 1000).

Accordingly, AFP's motion to dismiss the third-party complaint is denied. (Denial is also warranted on the narrower ground that this record fails to establish any compliance with the Missouri statute set forth above.)

It is appropriate at this point to note Uniroyal's previous motion for leave to amend its answer to plead a cross claim against AFP, Viera's employer, similar in intent to Crystal's third-party complaint. The motion was denied on application of Missouri law; and while I would not necessarily offer the same analysis today as I did then, I adhere to the result. Uniroyal, by today's decision, has successfully resisted the application to it of New York's Labor Law and has succeeded in invoking Missouri law in its conflict with the plaintiff Viera, largely on the diversity of their domiciles.

The same analysis deprives it of the benefit of New York's more liberal approach to third-party suits against an injured worker's employer. A cross claim is a lawsuit, having a plaintiff and a defendant. It is subject to the same rules of pleading and of substantive law as is any other lawsuit. Choice of law doctrines are the same whether applied to actions, counterclaims, third-party claims or cross claims. Diversity of residence here between Uniroyal and AFP mandates, particularly in the application of loss distribution rules, that we apply the law of the place of the injury; as much to avoid law shopping as to avoid forum shopping *(see, Schultz v Boy Scouts, supra,* at 201). Uniroyal was not entitled to have the benefit of rejecting what it considers New York's inhospitable statutes and invoking those which benefit it.

CRYSTAL'S CROSS MOTION FOR A DEFAULT JUDGMENT

Crystal contends that it brought a second third-party action against Romanelli and Quintero doing business as AA Cleaners of New York; that Romanelli and Quintero have defaulted in pleading; and that Crystal is consequently entitled to judgment. Neither Romanelli nor Quintero has responded to this motion.

Before a default judgment may be entered it must be demonstrated that the court acquired jurisdiction. No affidavits of service of the second third-party summons are appended to Crystal's moving papers and none is to be found in the County Clerk's file. The moving attorney annexes a letter of dubious wisdom from Romanelli's attorney, which, among other things, disputes service of a summons. He says:

"In connection with the defective service of papers, attempting to bring in my client, Armando Romanelli, almost seven (7) years after the date of accident—which is clearly outside of any Statute of Limitations herein—the papers are being forwarded to the insurance broker who believedly covered my client.

"In any event, since the amount sued for probably exceeds any policy coverage, I will be representing Mr. Romanelli on the overage and concerning the lack of jurisdiction over his person and on the claim against your firm for assessment of damages for harassment and frivolous action, based on the foregoing facts."

A "defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer" (CPLR 320 [a]). There has, of course, been no answer and no motion; the question is, does this letter constitute a notice of appearance? In my opinion it does. As Judge McLaughlin pointed out in his Practice Commentaries (McKinney's Cons Laws of NY, Book 7B, CPLR C320:1, at 363) "[t]here is no express provision as to the contents of a notice of appearance. A notice from an attorney or even a litigant indicating a willingness to litigate any question in connection with the lawsuit should suffice, no matter what form it takes." Mr. Romanelli's attorney's announcement that he "will be representing [his client] on the overage and concerning lack of jurisdiction" is clearly a willingness to litigate at least one issue, jurisdiction, and, on the uninsured portion of the claim, all issues in the case.

No challenge has been made to jurisdiction by motion or by

answer and, accordingly, Romanelli is in default, and the motion for a default judgment against him is granted.

As to Quintero, there being no proof of service of process on him and no appearance on his behalf, the motion for a default judgment is denied.

Accordingly:

1. Uniroyal's motion to dismiss the first and second causes of action as pleaded by the plaintiff against the defendant Uniroyal is granted and they are dismissed and the remaining causes of action are severed.

2. Crystal's cross motion to dismiss the first and second causes of action as pleaded by the plaintiff against Crystal is denied.

3. AFP's cross motion to dismiss Crystal's third-party complaint is denied.

4. Crystal's cross motion for a default judgment is granted as to Romanelli and denied as to Quintero; and a judgment shall be entered by the clerk providing that if any judgment shall be granted in favor of the plaintiff against Crystal, that Crystal have judgment over against Armando Romanelli in like amount or amounts together with all costs and disbursements in this action.