■ RICHARD BREWSTER, Appellant, v BALTIMORE & OHIO RAILROAD COMPANY et al., Respondents.—Order unanimously affirmed without costs. Memorandum: Plaintiff brought this action seeking to recover damages for injuries sustained while working to clear a train derailment at a jobsite located in the State of Pennsylvania. Supreme Court properly dismissed plaintiff's causes of action alleging violations of sections 200, 240 (1) and 241 (6) of the New York State Labor Law. The New York State Legislature is without authority to impose standards of conduct upon contractors, owners and agents relating to a worksite located in a foreign jurisdiction (see, McKinney's Cons Laws of NY, Book 1, Statutes § 149). In view of Pennsylvania's interest in regulating conduct within its borders, "it would be almost unthinkable to seek the applicable rule in the law" of New York (Babcock v Jackson, 12 NY2d 473, 483). To the extent that our decision today conflicts with the holding in Calla v Shulsky (148 AD2d 60), we reject the result reached in that case.

It follows that Supreme Court did not err in denying plaintiff's motion for leave to amend his complaint against defendant Witco Chemical Corp. to include causes of action under sections 240 (1) and 241 (6) of the Labor Law.

Finally, Supreme Court did not err in dismissing plaintiff's causes of action against defendants Baltimore & Ohio Railroad Company and Witco Chemical Corp. insofar as they sought recovery based upon the negligence of those defendants in causing the derailment. The alleged negligence which resulted in the derailment cannot be said to have proximately caused plaintiff's injuries which were not sustained until three days after the derailment *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315-316, *rearg denied* 52 NY2d 784). The improper use of a non-explosion-proof quartz light, which caused the explosion that burned plaintiff, constituted the superseding and proximate cause of plaintiff's injuries *(see, Derdiarian v Felix Contr. Corp., supra; cf., McMorrow v Trimper,* 149 AD2d 971, *affd for reasons stated* 74 NY2d 830). (Appeal from order of Supreme Court, Erie County, Flaherty, J.—partial summary judgment.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.