[617 NYS2d 335]

RALPH T. HUSTON et al., Respondents-Appellants, v HAYDEN BUILDING MAINTENANCE CORP., Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. HAYDEN ROOFING CO., INC., Third-Party Defendant-Respondent-Appellant.

Second Department, October 11, 1994

## APPEARANCES OF COUNSEL

*Ford, Marrin, Esposito, Witmeyer & Gleser,* New York City *(Thomas R. Esposito, William P. Ford* and *Edward M. Pinter* of counsel), for defendant third-party plaintiff-appellant-respondent.

*Kelner & Kelner,* Mineola *(Joseph Kelner, Gail S. Kelner* and *Robert B. Marcus* of counsel), for respondents-appellants.

*Weiner & Catlett,* Nanuet *(Renaud T. Bleecker* of counsel), for third-party defendant-respondent-appellant.

### OPINION OF THE COURT

FLORIO, J.

This appeal brings up for consideration a matter of first impression in this Department, namely, the issue of whether the New York State Labor Law ought to apply to workplace accidents which occur outside the State, when all of the remaining parties to the action are domiciled in New York.

In the case at bar, the plaintiff Ralph Huston (hereinafter Huston) fell through a hole in a roof he was repairing. The accident occurred at a worksite in New Jersey. Huston lived in New York and was working for a New York corporation when he was performing his duties. The worksite is owned by a New Jersey corporation, which is no longer a party to this action.

Upon consideration of all the appropriate factors, we find that it would not be appropriate to apply the New York Labor Law to the instant factual situation. We therefore modify so much of the order of the Supreme Court as denied the motions to dismiss the plaintiffs' claims and the cross claims under the Labor Law, and grant that relief.

Traditionally, our courts applied the *lex loci delicti,* i.e., the law of the place of occurrence, to actions brought in our courts involving out-of-State accidents. The strict application of that rule resulted in many perceived injustices. However, in *Babcock v Jackson* (12 NY2d 473) and in *Schultz v Boy Scouts* (65 NY2d 189) the Court of Appeals definitively departed from that approach and adopted the so-called "interest analysis

test" as the proper method to determine which State's law would apply in tort actions.

Under *Schultz (supra),* the law applicable to tort actions is first broken down into two broad categories. The first consists of laws and/or rules relating to standards of conduct and the second, of laws and rules relating to the allocation of losses between and/or among the parties.

*Schultz* held that if the conflicting rules related to the standards of conduct to be observed, then the court would apply the law of the jurisdiction where the accident occurred, since the interests of that State (the so-called forum State) clearly predominate *(Schultz v Boy Scouts, supra,* at 198). "Conversely, when the jurisdictions' conflicting rules relate to allocating losses * * * considerations of the State's admonitory interest and party reliance are less important. * * * Analysis then favors the jurisdiction of common domicile" *(Schultz v Boy Scouts, supra,* at 198). Thus, if the parties are all New York residents, New York law concerning loss allocation should be applied. However, if the parties do not share a common domicile, then the law to apply will vary depending upon the domiciles of the parties.

With that in mind we turn to applying these principles to the statutes in question. Upon examination of Labor Law §§ 240 and 241, we find that they must be treated as conduct-regulating and not loss-allocating statutes. We agree with the holding of the Appellate Division, Third Department, in *Salsman v Barden & Robeson Corp.* (164 AD2d 481, 485, relying upon *Long v Forest-Fehlhaber,* 55 NY2d 154), that Labor Law §§ 240 and 241 (1)-(5) mandate certain standards of conduct, while also imposing strict liability upon a general contractor or owner for injuries resulting from their violation.

We further find that Labor Law § 241 (6) (which was not an issue in *Salsman)* directs owners, contractors and their agents to regulate certain work areas according to a specific standard. Thus it is also more properly viewed as, on the whole, a conduct-regulating statute *(see also, Padula v Lilarn Props. Corp.,* 198 AD2d 916, *lv granted* 83 NY2d 754).

Finally we find, as did the Appellate Division, Fourth Department, that Labor Law § 200 is also a conduct-regulating statute *(see, Padula v Lilarn Props. Corp., supra; Brewster v Baltimore & Ohio R. R. Co.,* 167 AD2d 908).

We reject the analysis of the Appellate Division, First Department, in *Calla v Shulsky* (148 AD2d 60). There, the

Appellate Division, First Department, held that if all parties are domiciled in New York, our Labor Law applies to actions being tried in New York. We agree that that analysis is appealing on the surface since Labor Law §§ 240 and 241 contain both conduct-regulating and loss-allocating provisions. However, upon closer scrutiny, it is clear that the loss-allocating provisions, which hold the owner and/or general contractor liable, are only effective upon finding that the conduct-regulating provisions of those statutes were violated. Thus, it is clear that these loss-allocating provisions are subsidiary to, and dependent upon, the conduct-regulating provisions of the statute. Therefore, any determination as to which law to apply should not be based upon them.

In our view the primary purpose of the Labor Law is to regulate conduct. Thus, since the forum State has the greatest interest in having its conduct-regulating rules apply to conduct within its borders, we disagree with the holding in *Calla v Shulsky (supra)*, as well as the dicta expressed in *Aviles v Port Auth.* (202 AD2d 45), and decline to apply our Labor Law to accidents which occur outside of this State.

We further note that in *Viera v Uniroyal, Inc.* (142 Misc 2d 1099, *affd* 148 AD2d 349, *on opn of Stecher, J., in Sup Ct, NY County)*, the Appellate Division, First Department, appeared to hold that subdivisions of sections of the Labor Law may be analyzed individually for the purpose of determining whether they are loss-allocating or conduct-regulating provisions. We reject such a holding and again find ourselves in agreement with the Third and Fourth Departments *(see, Salsman v Barden & Robeson Corp.,* 164 AD2d 481, *supra; Brewster v Baltimore & Ohio R. R. Co., supra)* that each section of the Labor Law must be looked at as a single unitary whole, and is properly to be considered a conduct-regulating statute and which is not applicable to accidents occurring out of this State.

We have examined the parties' remaining contentions and find them to be either academic in light of our determination, or without merit.

Consequently, the order dated March 3, 1992 is modified to the extent of granting partial summary judgment to the defendant Hayden Building Maintenance Corp. and to the third-party defendant Hayden Roofing Co. dismissing all causes of action or parts thereof which allege a violation of Labor Law §§ 200, 240 and/or 241, and the order is affirmed in all other respects.

SULLIVAN, J. P., SANTUCCI and GOLDSTEIN, JJ., concur.

Ordered that the order dated March 3, 1992 is modified, on the law, by deleting the provision thereof adhering to the original determination made in the order dated February 28, 1991, denying those branches of the motion of the defendant Hayden Building Maintenance Corp. and the cross motion of the third-party defendant Hayden Roofing Co., Inc., respectively, for summary judgment dismissing those causes of action, or any parts thereof, which allege a claim under Labor Law §§ 200, 240 and 241, and substituting therefor a provision, upon reargument, granting those branches of their respective motion and cross motion and adhering to the determination made in the order dated February 28, 1991, in all other respects; as so modified the order dated March 3, 1992 is affirmed, insofar as appealed and cross-appealed from; and it is further,

Ordered that the order dated February 28, 1991 is amended accordingly; and it is further,

Ordered that Hayden Building Maintenance Corp. and Hayden Roofing Co., Inc., appearing separately and filing separate briefs, are awarded one bill of costs, payable by the plaintiffs.