Titone, J.
(concurring). I vote to affirm in this case for the simple reason that the Labor Law, by its terms, is inapplicable to conduct occurring outside the State. My conclusion is based on Labor Law § 242, which provides that "the provisions of [article 10] and the rules issued thereunder shall be applicable * * * throughout the state.”* By its terms, the statute makes no provision for extraterritorial application of either article 10 or the Labor Commissioner’s regulations. Moreover, under our State’s rules of statutory construction, there is no basis for inferring extraterritorial effect in the face of legislative silence on the question (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 149 ["all laws are co-extensive, and only coextensive, with the political jurisdiction of the lawmaking power; and every statute in general terms is construed as having no extraterritorial effect”]).
In view of the foregoing, the choice-of-law "interest” analysis delineated in the writing is irrelevant (cf., Fried v Seippel, 80 NY2d 32 [deeming "interests” analysis irrelevant in the face of clear statutory language limiting provision’s territorial effect]). Regardless of the nature or classification of the interests involved, Labor Law §§200, 240 and 241 can have no effect outside of New York in the absence of any indication of a legislative intent to extend the statute’s reach in that manner.
Finally, even if New York’s Legislature or its Commissioner did attempt to extend the reach of those provisions to out-of-State jobsites, I would have a serious question as to whether *524 such efforts would be effective. As a matter of common sense, it would be unreasonable for New York’s Labor Commissioner to establish safety rules for jobsites in Massachusetts. Indeed, the Appellate Division was right when it opined that " '[t]he New York Legislature is without authority to impose standards of conduct on contractors, owners and agents relating to a worksite located in a foreign jurisdiction’ ” (198 AD2d 916, quoting Brewster v Baltimore & Ohio R. R. Co., 167 AD2d 908).
In sum, since there can be no liability under Labor Law §§ 200, 240 and 241 without a violation of the statutory and regulatory standard and since those standards are inapplicable in Massachusetts, there is no basis for invoking those provisions in this litigation, regardless of whether their purpose is to regulate conduct or allocate loss. Accordingly, I would eschew use of the choice-of-law Schultz v Boy Scouts (65 NY2d 189) analysis that the majority adopted in favor of a more direct approach based solely on the fact that plaintiff’s causes of action depend on a regulatory scheme designed solely for use in New York. On that basis, I would affirm.
Chief Judge Kaye and Judges Simons, Bellacosa, Levine and Ciparick concur with Judge Smith; Judge Titone concurs in result in a separate opinion.
Judgment of Supreme Court appealed from and order of the Appellate Division brought up for review affirmed, with costs.

 The statute provides, in full, that article 10 and its related regulations "shall be applicable exclusively throughout the state.” (Emphasis added.) The term "exclusively” creates some ambiguity. On the one hand, it could be intended to mean that article 10 and the related regulations apply only in New York State. On the other hand, it could also be intended to mean that article 10 and the related rules furnish the exclusive source of regulation over the subject matter covered by the statute. Because of this ambiguity, I place no reliance on the quoted term.