Glenn THOMPSON, Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Third–Party Plaintiff,

v.

SARNAFIL, INC. and Sarnafil Services, Inc., Third–Party Defendants.

No. 93 Civ 4506 (VLB).

United States District Court, S.D. New York.

Dec. 12, 1994.

Elizabeth A. Graziane, Powers & Santola, Albany, NY, for plaintiff.

Mark C. Dillon, John J. Loveless, Cerussi & Spring, White Plains, NY, for defendant.

Raymond D'Erasmo, Savona & Scully, New York City, for third party defendant Sarnafil Services.

Samuel F. Simone, Kornfeld, Rew, Suffern, NY, for third party defendant SI.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This litigation grows out of a workplace accident injuring plaintiff Glenn Thompson, a Massachusetts resident, while employed by third-party defendant Sarnafil Services, Inc. (the "employer"), a Massachusetts contractor, during performance of construction work at premises of defendant International Business Machines Corporation ("IBM") in the Southern District of New York. IBM and plaintiff moved for a ruling that New York law would apply; the employer sought dismissal on grounds of coverage by Massachusetts' workers compensation law. Third party defendant Sarnafil, Inc. ("SI"), which appears to have a relationship of unknown nature with the employer, moved for summary judgment on the ground of lack of involvement in plaintiff's accident.

By memorandum order dated September 6, 1994 the employer's motion to dismiss based upon applicability of Massachusetts' workers compensation law to a Massachusetts employer's relationship to a Massachusetts employee was granted in part insofar as it concerns IBM's third party claims against the employer based upon negligence or other common law claims, it being specified that any responsibility caused by actionable conduct of the employer would be deducted from IBM's share of any responsibility. The motion was denied without prejudice insofar as it concerns IBM's third party complaint to the extent related to any liability under the New York Labor Law (referring in the context of this memorandum order and that of September 6, 1994 to §§ 240, 241 or other specific provisions calling for absolute responsibility without proof of negligence), inasmuch as the applicability of that Law to the facts remains to be determined. SI's motion to dismiss on grounds of lack of connection with plaintiff's injury was denied without prejudice. *Thompson v. IBM*, 862 F.Supp. 79 (S.D.N.Y.1994). Familiarity with that ruling is assumed.

IBM, supported by plaintiff, has moved for reconsideration. The motion is granted, and the former decision adhered to for the reasons set forth therein and the additional reasons outlined below.

## II

The principal arguments raised in support of modification of the September 6, 1994 ruling are:

(a) that the parties involved in the third party complaint as to which a choice of law decision was requested are not the Massachusetts employee and employer, but IBM, a New York-based entity and the Massachusetts employer, thus making the location of the accident (New York) the tie-breaking factor in determining choice of law;

(b) that employer liability to third parties is a conduct-regulating measure governed by the location of the accident;

(c) that New York's Labor Law has been held applicable to out-of-state accidents where various parties are domiciled in New York;

(d) that litigation has been instituted to require the New York workers' compensation fund to pay the workers compensation already paid to plaintiff.

## III

IBM, although a titular opponent of the employer by virtue of the caption of the third party complaint, is not at risk to the extent the September 6, 1994 decision is applicable, i.e. to non-Labor Law claims, as to which the decision holds that any responsibility of the employer must be deducted from plaintiff's recovery, if any, against IBM. No harm to IBM from that aspect of the September 6, 1994 ruling is evident. Since any amounts IBM could recover from the employer in the non-Labor Law context can be subtracted from any liability of IBM, it does not appear to be disadvantaged by that aspect of the decision.

It would be premature to rule on the law applicable to IBM's claim against the third-party defendant employer with respect to any New York Labor Law liability until it is determined whether or not any New York Labor Law provisions impose liability upon IBM under the facts of this case. This has not been done, nor is it proposed to be done in connection with the current motion for reconsideration of the September 6, 1994 ruling.

## IV

■ Employer responsibility for industrial accidents in New York as in virtually all other states is basically governed by a no-fault workers' compensation system providing automatic benefits of limited amount in return for elimination of the risk of tort damage suits. See *Arizona Employers Liability Case (Arizona Copper v. Hammer)*, 250 U.S. 400, 39 S.Ct. 553, 63 L.Ed. 1058 (1919). An end-run around such protection of employers occurs when an injured employee can sue a third party which can in turn implead the employer. This is only applicable to a narrow category of workplace accidents involving third parties and alleged employer negligence. It is a procedural result

of third party practice rather than being adopted by the Legislature or the courts to deter accidents. See *National Casualty Co v. Poughkeepsie,* 812 F.Supp. 439, 441 & n. 3 (S.D.N.Y.1993).

There is no basis for treating such third party negligence litigation against employers as conduct-regulating and hence to be governed by local law at the place of the accident. This factor, accordingly, does not alter the reasoning in the September 6, 1994 ruling that Massachusetts law is applicable to any negligence claims against the employer, with the provisions for protection of IBM set forth in that ruling.

## V

*Huston v. Hayden,* 205 A.D.2d 68, 617 N.Y.S.2d 335 (2d Dept.1994), cited as pertinent to the current motion for reconsideration, holds that an out of state accident may be covered by the New York Labor Law where sufficient contact with New York involving parties to the case exists. Whether or not any of the strict liability provisions of the New York Labor Law are applicable to the facts of the present case has not been determined. Under these circumstances, *Huston* is not in point.

## VI

The Massachusetts litigation cited in support of the motion has not yet been decided, and accordingly no assumptions can be made that it will alter the current situation, i.e. that the Massachusetts employer has paid workers compensation benefits to plaintiff in connection with the accident at issue. It is not clear whether a change in the unemployment insurance fund paying the claim would alter the applicability of the Massachusetts statutes applied to protect the employer from third party common law or negligence claims as outlined in the September 6, 1994 memorandum order.

To stay the present case pending unpredictable events in a sister state would be contrary to seeking prompt adjudication of the present case. If such an event occurs changing the situation in a way calling for changes in the posture of the present case, that matter can be presented.

Nevertheless, there is a certain incongruity if the employer—as distinct from a Massachusetts public or private sector carrier— seeks to shift applicable workers' compensation costs to a New York fund while arguing that Massachusetts law is applicable. To avoid such an incongruity, counsel for the employer is directed to furnish a copy of the memorandum order of September 6, 1994 and this memorandum order to all parties to any related litigation in any jurisdiction within twenty (20) days of the date of this memorandum order and to submit an affidavit that this has been done.

SO ORDERED.