■ STANISLAW HARDZYNSKI, Appellant, v ITT HARTFORD INSURANCE COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents. JARSTAN, INC., Third-Party Defendant-Respondent. [643 NYS2d 122] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated March 22, 1995, which granted the separate motions of the defendant ITT Hartford Insurance Company, the defendant Ogden Allied Abatement and Decontamination Service, Inc., and the third-party defendant Jarstan, Inc., for summary judgment dismissing the complaint. The appeal brings up for review so much of an order of the same court, dated July 12, 1995, as, upon granting renewal and reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the order dated March 22, 1995, is dismissed, as that order was superseded by the order dated July 12, 1995, made upon renewal and reargument; and it is further,

Ordered that the order dated July 12, 1995 is affirmed insofar as reviewed; and it is further,

Ordered that the defendant Ogden Allied Abatement and Decontamination Service, Inc., and the third-party defendant Jarstan, Inc., are awarded one bill of costs.

The Supreme Court was correct in holding that New York's Labor Law did not apply to a construction site accident in Connecticut (see, Padula v Lilarn Props. Corp., 84 NY2d 519; Huston v Hayden Bldg. Maintenance Corp., 205 AD2d 68).

Applying Connecticut law to the facts of this case, the Supreme Court was correct in dismissing the complaint. The plaintiff could not show that the defendants had actual or

constructive notice of any condition on the premises which may have caused the plaintiff's accident (*see, Monahan v Montgomery*, 153 Conn 386, 216 A2d 824; *Fuller v First Natl. Supermarkets*, 38 Conn App 299, 661 A2d 110). Furthermore, the plaintiff could not rely on a theory of res ipsa loquitur in this case, as he could not show that the object which allegedly caused his injury was within the defendants' control (*see, Malvicini v Stratford Motor Hotel*, 206 Conn 439, 538 A2d 690; cf., *Giles v City of New Haven*, 228 Conn 441, 636 A2d 1335). Altman, J. P., Hart, Goldstein and McGinity, JJ., concur.