■ RALPH HUSTON et al., Appellants, v HAYDEN BUILDING MAINTENANCE CORP., Defendant and Third-Party Plaintiff-Respondent. HAYDEN ROOFING CO., INC., Third-Party Defendant-Respondent. [657 NYS2d 945] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Rudolph, J.), dated April 12, 1996, which granted the motion of the defendant and third-party plaintiff, Hayden Building Maintenance Corp., for summary judgment dismissing the complaint, and (2) an order of the same court (Sherwood, J.), dated May 30, 1996, which granted the motion of the third-party defendant, Hayden Roofing Co., Inc., for summary judgment dismissing the third-party complaint.

Ordered that the appeal from the order, dated May 30, 1996, is dismissed as the plaintiffs are not aggrieved thereby; and it is further,

Ordered that the order dated April 12, 1996 is reversed, on the law, the motion of the defendant and third-party plaintiff for summary judgment is denied, and the complaint and third-party complaint are reinstated; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the defendant and third-party plaintiff.

The Supreme Court improperly applied New York State law to this case which involved an accident at a New Jersey construction site, since New Jersey has the greatest interest in having its conduct-regulating rules apply to conduct within its borders (*see, Schultz v Boy Scouts*, 65 NY2d 189; *Hardzynski v*

*ITT Hartford Ins. Co.*, 227 AD2d 449; *Huston v Hayden Bldg. Maintenance Corp.*, 205 AD2d 68).

In applying New Jersey negligence law, we find that the plaintiffs established a triable issue of fact as to whether the defendant owed a duty to the plaintiff Ralph Huston (*see, Meder v Resorts Intl. Hotel*, 240 NJ Super 470, 573 A2d 922; *Sanna v National Sponge Co.*, 209 NJ Super 60, 506 A2d 1258; *Wolczak v National Elec. Prods. Corp.*, 66 NJ Super 64, 168 A2d 412).

Moreover, issues of fact exist as to the issue of special employment (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553). Accordingly, the complaint should be reinstated, and the third-party complaint should be reinstated as it is derivative of the main action. Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.