Mansour v Paddock Chevrolet, Inc. (2021 NY Slip Op 05190)





Mansour v Paddock Chevrolet, Inc.


2021 NY Slip Op 05190


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


529 CA 20-01694

[*1]HANNA G. MANSOUR, PLAINTIFF-RESPONDENT,
v
PADDOCK CHEVROLET, INC., DEFENDANT-APPELLANT, KENT P. NEUBECK, DEFENDANT-RESPONDENT, AND SANTINO C. LOCOCO, DEFENDANT. 






THE TARANTINO LAW FIRM, LLP, BUFFALO (ANN M. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (KRISTIN A. TISCI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 10, 2020. The order denied the motion of defendant Paddock Chevrolet, Inc. to dismiss the amended complaint and all cross claims against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendant Paddock Chevrolet, Inc. in part and dismissing the amended complaint against it, and converting all cross claims by and against Paddock Chevrolet, Inc. into third-party complaints, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for personal injuries that he allegedly sustained when the vehicle in which he was a passenger, which was owned by defendant Paddock Chevrolet, Inc. (Paddock) and operated by defendant Kent P. Neubeck, collided with a vehicle owned and operated by defendant Santino C. Lococo. At the time of the accident, plaintiff was employed by Paddock as a car salesman who was accompanying Neubeck as he was test-driving the vehicle, and plaintiff applied for and received workers' compensation benefits following the accident. In their answers, both Neubeck and Lococo asserted cross claims against Paddock and each other for contribution and indemnification.
Paddock moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint and all cross claims asserted against it on the ground that they were barred under Workers' Compensation Law § 11. Supreme Court denied the motion without prejudice to renew at the close of discovery. We agree with Paddock that the court erred in denying that part of its motion seeking dismissal of the amended complaint against it, but we conclude that the court properly denied the motion with respect to the cross claims inasmuch as it would be premature to determine the merits of the cross claims at this juncture. We therefore modify the order accordingly.
Aside from an exception not relevant here, Workers' Compensation Law § 11 provides that "[t]he liability of an employer prescribed by [section 10] shall be exclusive and in place of any other liability whatsoever, to such employee, . . . or any person otherwise entitled to recover damages, contribution or indemnity, at common law or otherwise, on account of such injury or death or liability arising therefrom . . ." We thus agree with Paddock that plaintiff's claims against it are barred.
Paddock correctly contends that New York has rejected the "dual capacity" doctrine (see [*2]generally Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 158-159 [1980], rearg denied 52 NY2d 829 [1980]; Falzon v Brown, 282 AD2d 498, 499 [2d Dept 2001]), rendering it irrelevant whether the amended complaint and cross claims asserted against Paddock were based on its status as plaintiff's employer or its status as the owner of the vehicle who is vicariously liable for the negligence of a nonemployee driver under Vehicle and Traffic Law
§ 388 (see e.g. Szumowski v PV Holding Corp., 90 AD3d 415, 415 [1st Dept 2011]; Testerman v Zielinski, 68 AD3d 1751, 1752 [4th Dept 2009]; cf. Preston v APCH, Inc., 89 AD3d 65, 72-73 [4th Dept 2011]).
We likewise agree with Paddock that any allegation of an affirmative act of negligence by Paddock, e.g., that it failed to maintain the vehicle properly, does not render the amended complaint and cross claims viable. Such a contention does not apply where, as here, the party being sued is the party that is actually immune from suit pursuant to Workers' Compensation Law § 11. The cases wherein actions are permitted against owners of vehicles for their affirmative acts of negligence are cases in which the owners are third parties, i.e., the owners are not the employers of either the injured party or the operator of the vehicle, and their immunity from vicarious liability is based on the fact that the negligent operator of the vehicle was a co-employee of the injured party (see Workers' Compensation Law § 29 [6]; see generally Isabella v Hallock, 22 NY3d 788, 794-797 [2014]). "It is well settled that while Workers' Compensation Law § 29 (6) precludes suit against a fellow employee based on his [or her] negligence, it is not a bar to an action against a third-party owner based upon the owner's affirmative negligence toward the injured employee" (Chiriboga v Ebrahimoff, 281 AD2d 353, 354 [1st Dept 2001] [emphasis added]; see Rascoe v Riteway Rentals, 176 AD2d 552, 552 [1st Dept 1991]).
Although plaintiff's action against Paddock is barred by the provisions of Workers' Compensation Law § 11, we reject Paddock's contention that the cross claims asserted against it by Neubeck and Lococo fail to state a cause of action. "As amended by the legislature in 1996, . . . section 11[, as relevant here,] now explicitly limits an employer's exposure to third-party liability to those situations where the employee suffers a grave injury" (New York Hosp. Med. Ctr. of Queens v Microtech Contr. Corp., 22 NY3d 501, 510 [2014]). Inasmuch as there has been no discovery on the nature and degree of plaintiff's injuries, we cannot conclude that the cross claims fail to state a cause of action against Paddock.
Nevertheless, we conclude that all cross claims by and against Paddock should be converted to third-party complaints (see Cusick v Lutheran Med. Ctr., 105 AD2d 681, 682 [2d Dept 1984]; Javitz v Slatus, 93 AD2d 830, 831 [2d Dept 1983]; see also Schilling v Malark, 13 AD3d 1153, 1153 [4th Dept 2004]), and we therefore further modify the order accordingly. Due to the fact that Paddock has been a party since the commencement of this action, no purpose would be served by compelling the remaining defendants to formally implead Paddock as a third-party defendant, nor by compelling Paddock to protect its claims against the other defendants by serving a third-party complaint (see Cusick, 105 AD2d at 682; Javitz, 93 AD2d at 831).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court