■ TREELAND NURSERY, INC., Respondent, v. POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant.— Appellant's motion for change of venue to the supposed proper county (Civ. Prac. Act, § 187, subd. 1) was denied by an order made after the effective date of the new statute governing actions by and against public authorities (CPLR 505, subd. [a]) but pursuant to decision rendered prior to that date. In our view, the decision itself was correct. Appellant now argues, in effect, that when section 505 became effective, the decision, upon which no order had been made, was vitiated and that the motion should then have been decided under the new statute. Certainly neither the parties nor their motion papers contemplated a decision pursuant to a future statute and even if Special Term had rescinded its decision, there would have been no papers before it addressed to section 505 or furnishing a predicate for a decision under it and pursuant to the saving clause (CPLR 10003). Thus, for example, plaintiff had no opportunity to show, under section 10003, that the application of section 505 "would not be feasible or would work injustice"; nor did Special Term have any adequate basis for determining, under section 505, whether the action should be removed to the county in which defendant had its office or to that in which were located its facilities involved in the action. Actually, as has been stipulated, defendant subsequently made a new motion under section 505, which Special Term denied by reason of the pendency of this appeal, but without prejudice, and from that order of denial no appeal was taken. Order affirmed, with $10 costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.