■ DONALD SCHAEFER as Administrator of the Estate of GEORGE D. SCHAEFER, Deceased, Respondent, v LONG ISLAND RAILROAD, Appellant, et al., Defendant.—In a wrongful death action, defendant Long Island Railroad appeals (1) from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated February 1, 1984, which denied its motion for a change of venue and (2) from an order of the same court, dated March 16, 1984, which denied its motion for leave to "renew" and "reargue" its prior motion.

Appeal from the order dated March 16, 1984, dismissed, without costs or disbursements.

Order dated February 1, 1984, reversed, without costs or disbursements, and motion for change of venue to Suffolk County granted.

An examination of the moving papers on the motion to renew and reargue indicates that it was not based on new facts but rather on new legal arguments, and was therefore essentially a motion for reargument (*F & G Heating Co. v Board of Educ.,* 103 AD2d 791). No appeal lies from an order denying a motion to reargue (*Frankel v Frankel,* 67 AD2d 719). The appeal from the order dated March 16, 1984 must therefore be dismissed.

The defendant railroad was created by the Metropolitan Transportation Authority pursuant to Public Authorities Law

§ 1266, and hence is not a public authority. A public authority must be created by a special act of the Legislature (NY Const, art X, § 5). However, the defendant railroad is a public benefit corporation and a corporate subsidiary of the Metropolitan Transportation Authority and Public Authorities Law § 1266 (5) provides that: "Each such subsidiary corporation and any of its property, functions and activities shall have all of the privileges, immunities, tax exemptions and other exemptions of the authority and of the authority's property, functions and activities. Each such subsidiary corporation shall be subject to the restrictions and limitations to which the authority may be subject."

CPLR 505 (a) governs venue in actions involving public authorities: "The place of trial of an action by or against a public authority constituted under the laws of the state shall be in the county in which the authority has its principal office or where it has facilities involved in the action." Because Public Authorities Law § 1266 (5) affords the defendant railroad, as a corporate subsidiary of the Metropolitan Transportation Authority, the same privileges and immunities of the parent authority, Special Term erred in refusing to apply CPLR 505 (a) to the instant action. All of the facilities involved in this action are located in Suffolk County and, under CPLR 505 (a), that is a proper venue. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.