WILLIAM NOONAN, Respondent, v LONG ISLAND RAILROAD et al., Appellants.

Plaintiff commenced this action against both the Metropoli-

tan Transportation Authority (MTA) and Long Island Railroad (LIRR) to recover for personal injuries suffered when, while crossing tracks and property of the LIRR located in Kings Park in Suffolk County, he tripped and fell over a railroad spike which was raised and out of position.

The MTA moved to dismiss the complaint against it claiming that it is not a proper party, since it is an entity separate and distinct from its subsidiary, the defendant LIRR.

It is undisputed that the property and equipment on which plaintiff claims to have been injured are owned, operated and maintained by the LIRR. The LIRR is a wholly owned subsidiary corporation of defendant MTA, established pursuant to Public Authorities Law § 1266. Section 1266 (5) specifies that the MTA's subsidiary corporations are distinct entities and shall be individually subject to suit, and provides that "[t]he employees of any such subsidiary corporation, except those who are also employees of the [MTA], shall not be deemed employees of the [MTA]". Furthermore, each subsidiary is responsible for the maintenance and repair of its own facilities, and the functions of the MTA do not include the operation, maintenance and control of any facility *(see, Cusick v Lutheran Med. Center,* 105 AD2d 681).

Accordingly, it has been held that the MTA may not be liable for the torts committed by a subsidiary arising out of the operations of the subsidiary corporation. *(E.g., Montez v Metropolitan Transp. Auth.,* 43 AD2d 224.) Therefore, in this action which alleges negligence in the improper operation, maintenance and control of the railroad facilities owned by the LIRR, the MTA is not a proper party and its motion for summary judgment should have been granted.

The motion court also denied LIRR's motion to change the venue from New York County to Suffolk County, the site of the accident. Venue was properly placed by virtue of LIRR's maintenance of its principal office in New York County *(see,* CPLR 505 [a]; 503 [c]). The LIRR has not sufficiently demonstrated that the convenience of the material witnesses or other significant factors compel a change of venue where plaintiff has properly designated New York County as the venue of the action, and the IAS court did not abuse its discretion in denying the motion and retaining venue in that county *(see, Schaefer v Long Is. R. R.,* 112 AD2d 153). Accordingly, this part of the order on appeal is affirmed. Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ.