OPINION OF THE COURT
George A. Murphy, J.
This is a novel case interpreting the language of CPLR 505 (a) (venue for a public authority) as it applies in tort causes of action. Defendant moves for an order changing the venue of this case from New York County to Nassau County.
*214 CPLR 505 (a) states that "[t]he place of trial of an action by or against a public authority * * * shall be in the county in which the authority has its principal office or where it has its facilities involved in the action.”
The complaint in this action (commenced in New York County) seeks to recover damages for false arrest, false imprisonment, assault, battery, intentional infliction of emotional distress, malicious prosecution and civil rights violations allegedly incurred as a result of an incident between plaintiff and defendant’s employees (police officers) in Penn Station, New York City, on September 15, 1990. Plaintiff contends that the defendant’s police officers, without cause or provocation physically removed the plaintiff from a railroad car, beat him, handcuffed him and then twisted his arms.
The defendant argues that New York County is an improper venue because the police officer purportedly involved in the incident is not a "facility”, while Nassau County is a proper venue because plaintiff resides in that county.
The plaintiff maintains that New York County is a proper venue because the incident occurred at one of the facilities of the defendant (Penn Station) and involved employees of the railroad.
The Long Island Rail Road (LIRR) is a public benefit corporation, a corporate subsidiary of the Metropolitan Transportation Authority (MTA) and actions against it are governed by CPLR 505 (a) for venue purposes (Schaefer v Long Is. R. R., 112 AD2d 153).
The motion at bar does not seek to have venue changed to the location of the LIRR’s principal office, which is in Queens County, nor can this court sua sponte change the place of trial to that county. Therefore, the court’s analysis will focus on that portion of CPLR 505 (a) which states "or where it has facilities involved in the action.”
What does this phrase mean and how should it be applied?
The police officers allegedly involved in the events claimed at bar are clearly not "facilities”. Public Authorities Law § 1200 (8) defines facilities as "[r]outes, tracks, extensions, connections, terminals or facilities.” In addition, Black’s Law Dictionary 591 (6th ed 1990) defines facilities as "[t]hat which promotes the ease of any action, operation, transaction, or course of conduct.” Penn Station is a terminal which promotes the case of operation of the LIRR and therefore can be classified as a facility. To limit the phrase "where it has *215 facilities” in CPLR 505 (a) to mean that the public authority must own the facility would be construing the language of the statute too narrowly. Furthermore, the final clause of CPLR 505 (a) "involved in the action” must be interpreted in the context of where the cause of action arose, i.e., that the cause of action must arise out of or effect that particular facility.
CPLR 505 was intended to provide "a new and uniform rule to govern actions by or against public authorities” (1st Prelim Report of Advisory Comm on Prac & Proc, at 20 [1957]). The Appellate Division has held that CPLR 505 (a) mandates that these types of actions shall be brought and tried in either the county where the authority has its principal offices or where it has facilities involved in the action (Auer v Power Auth., 99 AD2d 679; see, Schaeffer v Long Is. R. R., 112 AD2d 153, supra; Treeland Nursery v Power Auth., 20 AD2d 847). This statute does not provide any option to a party to venue an action against a public authority based on the party’s residence. It appears, though, that the convenience of witnesses could arguably persuade a court, in its discretion, to change or retain venue despite mandatory tone and directive of CPLR 505 (a) (see, Campos v New York City Health & Hasps. Corp., 163 AD2d 49; Auer v Power Auth., supra). Furthermore, as a general rule, a transitory action should be tried in the county where the cause of action arose (McAdoo v Levinson, 143 AD2d 819).
Based upon the foregoing analysis, venue has been properly laid in New York County since the purported incident occurred in a Long Island Railroad facility located in New York County.
Accordingly, the motion by defendant for an order changing the venue of this action from New York County to Nassau County is denied.