■ JOSEPH EMERICK et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants. [708 NYS2d 612] —Orders, Supreme Court, New York County (Richard Lowe, III, J.), entered February 10, 1999, which denied defendants' motion to change venue to Nassau County and *sub silentio* denied the motion of defendant Metropolitan Transportation Authority (MTA) to dismiss the complaint as against it, and order of the same court and Justice, entered on or about June 28, 1999, which, to the extent appealed from as limited by defendants' brief, upon reargument and renewal, granted plaintiffs' cross motion to change venue to Queens County, unanimously reversed, on the law, without costs, defendants' motions granted, and the complaint dismissed as against MTA and the venue changed to Nassau County.

Inasmuch as MTA is not liable for the torts of its subsidiary, MTA-Long Island Bus (MTA-LIB) that arise out of the subsidiary's operations, it is not a proper party in this action. Therefore, its motion to dismiss should have been granted (*Noonan v Long Is. R. R.*, 158 AD2d 392, 393), and its headquarters cannot serve as the basis for laying venue (*see, Halinc Yin Fong Chow v Long Is. R. R.*, 202 AD2d 154). Consequently, upon such dismissal of claims as to MTA, venue should be changed to the county of MTA-LIB's principal place of business, Nassau County (CPLR 505 [a]; *Noonan v Long Is. R. R.*, *supra*; *see also, Schaefer v Long Is. R. R.*, 112 AD2d 153). Plaintiffs' contentions in support of Queens County as the proper venue are without merit, since they fail to demonstrate compelling circumstances regarding the convenience of witnesses (*see, Powers v East Hudson Parkway Auth.*, 75 AD2d 776) and fail to demonstrate that MTA-LIB has "facilities involved in the action" (CPLR 505 [a]; *see, Bourne v Long Is. R. R. Co.*, 158 Misc 2d 213) located there. Concur—Rosenberger, J. P., Williams, Tom, Rubin and Buckley, JJ.