(January 12, 2006)

■ ONESHIA PORTLETTE, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Sued Herein as METROPOLITAN TRANSIT AUTHORITY, et al., Respondents. [808 NYS2d 652]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered February 11, 2004, which granted defendants', Metropolitan Transportation Authority (MTA) and Manhattan and Bronx Surface Transit Operating Authority (MABSTOA), motions to dismiss the complaint in its entirety pursuant to CPLR 3211, unanimously affirmed, without costs.

Plaintiff, appointed as a bus operator by MABSTOA on January 20, 2001, was assaulted while on the job on April 1, 2001. Thereafter, plaintiff was on an authorized disability leave for almost a year until March 11, 2002, when she was deemed capable of returning to full-time employment by independent medical and psychiatric examiners. After plaintiff failed to report for work, MABSTOA terminated her employment as a probationary bus operator on March 26, 2002. An internal memorandum stated that plaintiff was notified of her termination by certified letter on March 26, 2002, and the memorandum explained that plaintiff's probation was tolled as a result of the assault.

Plaintiff was informed on September 13, 2002 by the Transport Workers Union that she had been scheduled for a "contractual grievance hearing." The hearing was rescheduled several times, but eventually on June 13, 2003, when plaintiff and her counsel met with her union representatives, she was told that she had been terminated and that she had no administrative remedies.

On or about June 13, 2003, plaintiff commenced this action against MABSTOA and MTA, having filed a notice of claim in June of the prior year. Plaintiff stated that her date of termination was March 26, 2002; she sought, inter alia, damages for loss of compensation and loss of benefits. Defendants moved to dismiss the complaint pursuant to CPLR 3211. Defendants argued that plaintiff failed to bring a CPLR article 78 proceeding to challenge her termination within four months of her admitted date of termination as prescribed by CPLR 217. Defendants asserted that plaintiff was a probationary employee whose probationary period was tolled as a result of her accident and thus she was still on probation when she was terminated. Consequently, defendants asserted, that precluded plaintiff from appealing under grievance and arbitration provisions of the collective bargaining agreement.

The motion court held that plaintiff should have brought an article 78 proceeding alleging wrongful termination, and that such proceeding was time-barred by the four-month statute of limitations; the court also held that the MTA was an improper party in the action. We agree, and affirm for the following reasons.

On appeal, plaintiff relies on CPLR 217 (2) (b) to assert that her action was timely because it was commenced within four months of knowing that her employee organization breached its duty of fair representation, that is, when she learned that the union was not grieving the termination of her employment. However, CPLR 217 (2) (b) is inapplicable to plaintiff's case since it requires plaintiff to have a cause of action against her employee organization for breach of duty of fair representation. In turn, such cause of action is necessarily predicated on plaintiff having the right to grieve her termination in the first place. As a probationary employee she did not have such a right. Thus, her sole remedy was to commence an article 78 proceeding.

The timeliness of any article 78 proceeding is determined, therefore, instead by CPLR 217 (1) which provides that a proceeding against a body or officer must be commenced within four months after the determination sought to be reviewed becomes final and binding. In determining when plaintiff's termination became final and binding the key lies in her employment status. If plaintiff is a probationary employee, the four-month statute of limitations for an article 78 proceeding runs from the date of termination, in this case March 26, 2002 (*see Matter of De Milio v Borghard*, 55 NY2d 216, 270 [1982] [where employee is not entitled to hearing in connection with discharge, limitation period runs from notice of discharge or date of discharge whichever is later]). If plaintiff is not a probationary employee, the four-month statute of limitations period does not begin to run until any administrative determinations regarding her wrongful termination became final and binding.

In this case, there is no support in the record for holding plaintiff to be anything other than a probationary employee whose probation was tolled by her medical leave of absence. Case law suggests that probationary periods are tolled by periods of absence (*Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 177 AD2d 695 [1991]). More significantly, plaintiff does not argue or take any position contrary to the assumption that she was a probationary employee at the time of termination. Therefore, there is no reason why the four-month limitation should start to run from the date when she was informed by her union representatives that she had no administrative remedies.

Further, we find that the second and third causes of action as against the MTA were also properly dismissed (*see Towbin v*

*City of New York*, 309 AD2d 505 [2003] [dismissing personal injury action against MTA since it neither owned or operated any buses]; *Noonan v Long Is. R.R.*, 158 AD2d 392 [1990] [MTA not liable for torts committed by a subsidiary arising out of the operations of the subsidiary corporation]). Concur—Buckley, P.J., Tom, Mazzarelli, Marlow and Catterson, JJ.