■ MURAD MAYAYEV, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY BUS, Appellant, et al., Defendant. [904 NYS2d 84]—

In an action to recover damages for personal injuries, the defendant Metropolitan Transportation Authority Bus appeals from an order of the Supreme Court, Queens County (Markey, J.), dated June 8, 2009, which denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred and granted the plaintiff's cross motion pursuant to CPLR 3211 (b) to dismiss its affirmative defense based on the statute of limitations.

Ordered that the order is reversed, on the law, with costs, the appellant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred is granted, and the plaintiff's cross motion pursuant to CPLR 3211 (b) to dismiss the appellant's affirmative defense based on the statute of limitations is denied.

The complaint must be dismissed as time-barred pursuant to the applicable statute of limitations of one year and 30 days (*see* Public Authorities Law § 1276 [1], [2]; *Burgess v Long Is. R.R. Auth.*, 79 NY2d 777, 778 [1991]; *Rose v Metro N. Commuter R.R.*, 143 AD2d 993, 994 [1988]).

The plaintiff failed to demonstrate that the appellant was estopped from raising the affirmative defense based on the statute of limitations. "The doctrine of estoppel will be applied

against governmental agencies only in exceptional cases" (*Yassin v Sarabu*, 284 AD2d 531 [2001]; *see Nowinski v City of New York*, 189 AD2d 674, 675 [1993]). This is not such a case.

The plaintiff's contention that the appellant induced her to commence a prior action against its "alter-ego," the Metropolitan Transportation Authority, which delayed her commencement of the instant action until after the statute of limitations had expired, is without merit. The Metropolitan Transportation Authority and its subsidiaries must be sued separately, and are not responsible for each other's torts (*see Noonan v Long Is. R.R.*, 158 AD2d 392, 393 [1990]; *Cusick v Lutheran Med. Ctr.*, 105 AD2d 681 [1984]; Public Authorities Law § 1266 [5]). The fact that the appellant and the Metropolitan Transportation Authority have similar names and operate, in part, out of the same address, does not change the legal conclusion that they are two separate entities (*see Smith v Giuffre Hyundai, Ltd.*, 60 AD3d 1040, 1041 [2009]).

The fact that the appellant notified the plaintiff that it would schedule a hearing with respect to her claim, which was never scheduled, did not toll the statute of limitations (*see Fireman's Fund Ins. Co. v Village of Lake Success*, 33 AD3d 958, 959 [2006]; *Ramirez v New York City School Constr. Auth.*, 229 AD2d 313 [1996]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Covello, Hall and Sgroi, JJ., concur. **[Prior Case History: 23 Misc 3d 1137(A), 2009 NY Slip Op 51160(U).]**