In the Matter of ROBERT GOODMAN, Appellant, v CHIEF JUDGE OF THE OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS OF THE CITY OF NEW YORK et al., Respondents. [963 NYS2d 580]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered March 27, 2012, denying the petition seeking to annul a determination of respondent City of New York, effected on January 13, 2011, which terminated petitioner's employment as a per diem administrative law judge/hearing officer with the Environmental Control Board, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Since petitioner had no administrative remedies, the applicable four-month statute of limitations period (*see* CPLR 217

[1]) began to run immediately upon his termination on January 13, 2011 (*see Matter of De Milio v Borghard*, 55 NY2d 216, 219-220 [1982]; *Portlette v Metropolitan Transp. Auth.*, 25 AD3d 389, 391 [1st Dept 2006]). Accordingly, this CPLR article 78 proceeding, commenced over 11 months later in December 2011, was untimely. Petitioner's pre-petition efforts to seek reinstatement, including his direct written request to the Chief Administrative Law Judge, made on August 18, 2011, did not toll or restart the limitations period (*see De Milio*, 55 NY2d at 222; *Matter of Kan v New York City Envtl. Control Bd.*, 262 AD2d 135 [1st Dept 1999], *lv dismissed and denied* 94 NY2d 857 [1999]). Even assuming that petitioner's direct request for reinstatement constituted an "administrative remedy" for purposes of the statute of limitations, it was also untimely since it was made over seven months after his termination (*see Matter of Densmore v Altmar-Parish-Williamstown Cent. School Dist.*, 265 AD2d 838, 839 [4th Dept 1999], *lv denied* 94 NY2d 758 [2000]). Concur—Andrias, J.P., Saxe, DeGrasse, Richter and Gische, JJ.