■ VERNA BRUNSON, Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [52 NYS3d 882]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), entered May 22, 2015, as granted that branch of the motion of the defendants New York City Transit Authority and Metropolitan Transportation Authority which was for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff alleged that on September 28, 2012, at approximately 10:40 a.m., she was a passenger on a Q40 bus, and when the bus was at a bus stop on 143rd Street near the intersection of 130th Avenue in Queens, she was caused to fall violently to the floor and sustained serious personal injuries. Thereafter, the plaintiff commenced this action against, among others, the defendants New York City Transit Authority and Metropolitan Transportation Authority (hereinafter the MTA; hereinafter together the Authority defendants), alleging that they were negligent in, among other things, the ownership, maintenance, and control of the subject bus. The Authority defendants moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them, arguing that they did not own, operate, maintain, manage, or control the subject bus. The Supreme Court granted the motion.

In support of their motion, the Authority defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them by demonstrating that they did not own, operate, maintain, or control the subject bus, that the subject bus was owned and operated by nonparty MTA Bus Company, and that the MTA is not vicariously liable for the torts of its subsidiaries such as MTA Bus Company (*see* Public Authorities Law § 1266 [5]; *Fridman v New York City Tr. Auth.*, 131 AD3d 1202, 1203 [2015]; *Mayayev v Metropolitan Transp. Auth. Bus*, 74 AD3d 910, 911 [2010]; *Rampersaud v Metropolitan Transp. Auth. of the State of N.Y.*, 73 AD3d 888, 888 [2010]; *Emerick v Metropolitan Transp. Auth.*, 272 AD2d 150, 150 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Fridman v New York City Tr. Auth.*, 131 AD3d at 1203-1204).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted that branch of the Authority defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them. Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.