Gaston v Metropolitan Transp. Auth. (2019 NY Slip Op 04917)





Gaston v Metropolitan Transp. Auth.


2019 NY Slip Op 04917


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2018-10416
 (Index No. 701839/16)

[*1]Michael Gaston, respondent, 
v
Metropolitan Transportation Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered December 13, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured on August 31, 2014, when a bus owned and operated by the defendants, the Metropolitan Transportation Authority and the New York City Transit Authority, allegedly came into contact with him at an intersection in Queens. The plaintiff commenced this personal injury action on February 17, 2016, with the purchase of an index number and the filing of a summons and complaint. After issue was joined, the defendants moved for summary judgment dismissing the complaint, inter alia, on the ground that the action was not commenced within the applicable limitations period. The Supreme Court denied the motion, and the defendants appeal.
The defendants established, prima facie, that the action was not commenced within one year and 90 days after the incident upon which it was based (see Public Authorities Law §§ 1212[2]; 1276[2]). In opposition, the plaintiff failed to raise a triable issue of fact as to the timeliness of the action. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint (see Mayayev v Metropolitan Transp. Auth. Bus, 74 AD3d 910, 910).
In light of our determination, we need not address the parties' remaining contentions.
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court