Green v Incorporated Vil. of Great Neck Plaza (2021 NY Slip Op 00155)





Green v Incorporated Vil. of Great Neck Plaza


2021 NY Slip Op 00155


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-12245
 (Index No. 6134/15)

[*1]Sterling Green, appellant, 
v
Incorporated Village of Great Neck Plaza, et al., respondents, et al., defendants. Elovich & Adell, Long Beach, NY (Mitchel Sommer of counsel), for appellant.


Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondents Incorporated Village of Great Neck Plaza, Long Island Railroad Company, and Metropolitan Transportation Authority.
Andrea G. Sawyers, Melville, NY (David R. Holland of counsel), for respondent Tri-State Paving, LLC.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Richard Metli of counsel), for respondent RBA Group.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered July 26, 2018. The order granted those branches of the separate motions of the defendants Incorporated Village of Great Neck Plaza, Long Island Railroad Company, and Metropolitan Transportation Authority, the defendant Tri-State Paving, LLC, and the defendant RBA Group which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
In February 2015, the plaintiff was walking on the sidewalk handicap ramp at the northeast corner of North Station Plaza and Park Place in the Village of Great Neck, an area known as "Great Neck Station." As he approached the bottom of the sidewalk ramp, where the ramp met the street crosswalk, the plaintiff allegedly tripped and fell on the asphalt of the crosswalk, which was raised approximately one inch from where the sidewalk ramp met it.
The plaintiff commenced this action to recover damages for personal injuries. The plaintiff alleged that the raised "lip" condition was created in 2011, when the area where he tripped was redesigned and rebuilt, and the sidewalk ramp was installed. The plaintiff commenced this action against, among others, the Incorporated Village of Great Neck Plaza, the Metropolitan Transportation Authority (hereinafter the MTA), and the Long Island Railroad Company (hereinafter the LIRR), a subsidiary of the MTA that owned, operated, maintained, and controlled Great Neck Station and the relevant area where the sidewalk ramp met the crosswalk; Tri-State Paving, LLC [*2](hereinafter Tri-State), which paved the street surface where the plaintiff tripped during the 2011 renovation project; and the RBA Group (hereinafter RBA), which acted as the Village's engineer and inspector on the 2011 renovation project.
The Village, the LIRR, and the MTA moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. Separately, Tri-State and RBA each moved, among other things, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the three motions. The plaintiff appeals.
"Where . . . a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Loghry v Village of Scarsdale, 149 AD3d 714, 715 [internal quotation marks omitted]; see Palka v Village of Ossining, 120 AD3d 641, 641). "There are two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Loghry v Village of Scarsdale, 149 AD3d at 715 [internal quotation marks omitted]). "The affirmative act exception, the only exception at issue here, is limited to work by [the municipality] that immediately results in the existence of a dangerous condition" (id. at 715 [internal quotation marks omitted]).
We agree with the Supreme Court's determination granting that branch of the motion of the Village, the LIRR, and the MTA which was for summary judgment dismissing the complaint insofar as asserted against the Village. These defendants established, and the plaintiff does not dispute, that the Village did not have prior written notice of the alleged dangerous condition as required by Village Law § 6-628 and Code of the Village of Great Neck Plaza § 185-39. Additionally, these defendants established, prima facie, that the raised lip was not an immediate result of the 2011 renovation work. In opposition, the plaintiff failed to raise a triable issue of fact.
We also agree with the Supreme Court's determination granting that branch of the motion of the Village, the LIRR, and the MTA which was for summary judgment dismissing the complaint insofar as asserted against the LIRR because it was uncontested that the LIRR was an out-of-possession landlord, leasing the sidewalk ramp and adjacent asphalt to the Village, which was responsible for all maintenance work in the area. "An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct" (Duggan v Cronos Enters., Inc., 133 AD3d 564).
In addition, we agree with the Supreme Court's determination granting that branch of the motion of the Village, the LIRR, and the MTA which was for summary judgment dismissing the complaint insofar as asserted against the MTA, which was being sued solely in its capacity as the parent entity of the LIRR. "The Metropolitan Transportation Authority and its subsidiaries must be sued separately, and are not responsible for each other's torts" (Mayayev v Metropolitan Transp. Auth. Bus, 74 AD3d 910, 911).
Finally, we agree with the Supreme Court's determination granting those branches of the separate motions of Tri-State and RBA which were for summary judgment dismissing the complaint insofar as asserted against each of them. Although a contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (see Huerta v 2147 Second Ave., LLC, 129 AD3d 668), Tri-State and RBA established, prima facie, that they did not create or cause the alleged dangerous condition. Approximately three years prior to the accident, Tri-State and RBA performed work where the plaintiff fell. They received no complaints, and the work was approved by the Village (see DeBlasi v City of New York, 157 AD3d 656, 658; Kelly v Mall at Smith Haven, LLC, 148 AD3d 792, 794; Zorin v City of New York, 137 AD3d 1116). In opposition, the plaintiff failed to raise a triable issue [*3]of fact.
In light of our determination, we need not reach the plaintiff's remaining contentions.
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court