Gumbs v MTA Bus Co. (2021 NY Slip Op 02494)





Gumbs v MTA Bus Co.


2021 NY Slip Op 02494


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Index No. 28330/19E Appeal No. 13685N-13685NA Case No. 2020-02237 2020-04026 

[*1]Shirley Gumbs, Plaintiff-Respondent,
v
MTA Bus Company, Defendant-Appellant, Metropolitan Transportation Authority, et al., Defendants.


Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for appellant.
Lindstadt Law PLLC, Astora (Michael A. Lindstadt of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about November 12, 2019, which, to the extent appealed from as limited by the briefs, denied defendant MTA Bus Company's motion to change venue from Bronx County to New York County, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court and Justice, entered on or about September 16, 2020, which, to the extent appealed from, denied MTA Bus Company's motion to renew its motion to change venue, unanimously dismissed, without costs, as academic.
Upon dismissal of plaintiff's claims against the other public defendants, venue should have been changed to New York County, where the only remaining defendant, MTA Bus Company (MTA Bus), has its principal place of business (see CPLR 505[a]; Emerick v Metropolitan Transp. Auth., 272 AD2d 150, 150 [1st Dept 2000]; Noonan v Long Is. R.R., 158 AD2d 392, 393 [1st Dept 1990]). Plaintiff's accident occurred on the bus, and not at the bus depot that she argues was "involved in the action" (CPLR 505[a]). Although she herself resides in the Bronx, plaintiff has failed to allege any facts showing "compelling circumstances regarding the convenience of witnesses" (Emerick, at 150).
As for plaintiff's argument on appeal that venue in Bronx County is proper because of her claim that MTA Bus negligently maintained the bus at its bus depot in the Bronx, this contention was not raised below and is, thus, unpreserved for review (see Pirraglia v CCC Realty NY Corp., 35 AD3d 234 [1st Dept 2006]). In any event, the complaint does not allege negligent maintenance by MTA Bus, but merely alleges that all defendants maintained the bus on which the accident occurred.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2021