Sanon v MTA Long Is. R.R. (2022 NY Slip Op 01337)





Sanon v MTA Long Is. R.R.


2022 NY Slip Op 01337


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2018-14839
 (Index No. 606250/17)

[*1]Marie Sanon, appellant-respondent, 
v
MTA Long Island Railroad, et al., respondents, Town of Babylon, respondent-appellant, et al., defendant.


Law Offices of Fred M. Ainsley, P.C., Hauppauge, NY (Fred M. Ainsley, Jr., of counsel), for appellant-respondent.
Mark A. Cuthbertson, Huntington, NY (Matthew DeLuca of counsel), for respondent-appellant.
Shein and Associates, P.C., Syosset, NY (Jeffrey Shein, Susan R. Nudelman, and Barry Montrose of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Town of Babylon cross-appeals, from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated November 21, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants MTA Long Island Railroad and Metropolitan Transportation Authority which was for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiff's cross motion for summary judgment on the issue of liability against the defendant Town of Babylon. The order, insofar as cross-appealed from, denied the motion of the defendant Town of Babylon for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the motion of the defendants MTA Long Island Railroad and Metropolitan Transportation Authority which was for summary judgment on their cross claim for contractual indemnification insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants MTA Long Island Railroad and Metropolitan Transportation Authority which were for summary judgment dismissing the complaint insofar as asserted against them and on their cross claim for contractual indemnification insofar as asserted against the defendant Town of Babylon, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In 2016, the plaintiff allegedly was walking on a sidewalk in the proximity of the Wyandanch station of the Long Island Rail Road, located in the Town of Babylon, when she allegedly tripped and fell over an exposed metal bolt protruding from the sidewalk. The metal bolt had been installed in the sidewalk years earlier by the Town in order to anchor a heavy trash can, which had been moved at some point prior to the accident, leaving the bolt exposed.
The plaintiff commenced this personal injury action against the Town, the defendants MTA Long Island Railroad and Metropolitan Transportation Authority (hereinafter together the MTA defendants), and another defendant. The MTA defendants asserted a cross claim for contractual indemnification. The MTA defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them and on their contractual indemnification cross claim insofar as asserted against the Town. The Town moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-moved for summary judgment on the issue of liability against the Town. In an order dated November 21, 2018, the Supreme Court, inter alia, granted those branches of the MTA's motion and denied the Town's motion and the plaintiff's cross motion. The plaintiff appeals, and the Town cross-appeals.
Contrary to the Supreme Court's conclusion, the MTA defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. The plaintiff alleged in the bill of particulars that the MTA defendants violated Code of the Town of Babylon § 191-16, which imposes a duty on "[e]ach owner, lessor, lessee, tenant, occupant or other person in charge of any property within the Town" to keep the sidewalk "in front of or abutting the lot . . . or building" in good repair (id. § 191-16[A]). The ordinance further provides that "[s]uch owner, lessor, lessee, tenant or occupant, and each of them," will be liable for any injuries arising from the failure to maintain such sidewalk (id.). "It is a defendant's burden, when it is the party moving for summary judgment, to demonstrate affirmatively the merits of a defense, which cannot be sustained by pointing out gaps in the plaintiff's proof" (Quantum Corporate Funding, Ltd. v Ellis, 126 AD3d 866, 871).
Here, the MTA defendants failed to affirmatively demonstrate that they were not tenants or occupants of a lot or building abutting the subject sidewalk or that, for any other reason, section 191-16(A) of the Town Code did not apply to them. Among other things, the evidence they submitted did not clearly show the location of the sidewalk in relation to the station house and train platform, or clearly establish the Town's and the MTA defendants' relative use of, and duties with respect to, the portions of the property at issue. Accordingly, the Supreme Court should have denied that branch of the MTA defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Moreover, since the MTA defendants did not demonstrate that they were free from negligence, they failed to establish their prima facie entitlement to judgment as a matter of law on their cross claim for indemnification pursuant to the terms of their contract with the Town (see Arriola v City of New York, 128 AD3d 747, 750). Accordingly, the Supreme Court should have denied that branch of their motion which was for summary judgment on their contractual indemnification cross claim insofar as asserted against the Town.
With respect to the liability of the Town, where, as here, a municipality has adopted a prior written notice law (see Code of the Town of Babylon § 158-2), it cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies (see Poirier v City of Schenectady, 85 NY2d 310, 313-314; Budoff v City of New York, 164 AD3d 737, 739). "Such notice is obviated where the plaintiff demonstrates that the municipality created the defect or hazard through an affirmative act of negligence or that a special use conferred a benefit on the municipality" (Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128 [internal quotation marks omitted]).
Here, the Town established, prima facie, that the Town Clerk did not receive prior written notice of the defect in the sidewalk, as required (see Code of the Town of Babylon § 158-2). In opposition, the plaintiff raised a triable issue of fact as to whether the Town created the dangerous condition by moving the trash can and thereby exposing the metal bolt (see Salierno v City of Mount Vernon, 107 AD3d 971, 972; Laracuente v City of New York, 104 AD3d 822, 823).
Accordingly, the Supreme Court properly denied the Town's motion for summary judgment dismissing the complaint insofar as asserted against it. Similarly, in light of the existence [*2]of the aforementioned triable issue of fact, the court properly denied the plaintiff's motion for summary judgment on the issue of liability against the Town.
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court