Chen v Metropolitan Tr. Auth. (2025 NY Slip Op 03301)

Chen v Metropolitan Tr. Auth.

2025 NY Slip Op 03301

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-09472
 (Index No. 708370/20)

[*1]Henry Chen, appellant, 
v
Metropolitan Transit Authority, et al., respondents, et al., defendant.

Kenneth K. Ho, Flushing, NY, for appellant.
Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered July 5, 2023. The order, insofar as appealed from, in effect, granted that branch of the motion of the defendants Metropolitan Transit Authority and New York City Transit Authority which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the defendant Metropolitan Transit Authority.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants Metropolitan Transit Authority (hereinafter the MTA) and New York City Transit Authority (hereinafter together the defendants), and another defendant, to recover damages for injuries he allegedly sustained when he was a passenger on a bus that suddenly accelerated then came to a sudden stop. The plaintiff alleged, among other things, that the MTA or its employees or agents operated, managed, maintained, or controlled the bus at the time of his injury.
The defendants thereafter moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. In an order entered July 5, 2023, the Supreme Court, among other things, in effect, granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the MTA. The plaintiff appeals.
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Langley v Melville Fire Dist., 213 AD3d 748, 750; see Leon v Martinez, 84 NY2d 83, 87). "Further, where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed" (May Dock Lane, LLC v Harras Bloom & Archer, LLP, 222 AD3d 635, 636-637 [alteration and internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, [*2]275).
Here, the Supreme Court properly determined that the plaintiff does not have a cause of action against the MTA. "'It is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility'" (Fiero v City of New York, 190 AD3d 822, 823-824, quoting Cusick v Lutheran Med. Ctr., 105 AD2d 681, 681). The MTA "neither owns nor operates any buses" (Towbin v City of New York, 309 AD2d 505, 505). Furthermore, the evidentiary materials submitted in support of the defendants' motion demonstrated that the bus was owned and operated by nonparty MTA Bus Company, a subsidiary of the MTA (see Public Authorities Law § 1265-b[1]; Brunson v City of New York, 150 AD3d 1189, 1190; Rampersaud v Metropolitan Transp. Auth. of the State of N.Y., 73 AD3d 888). "[T]he MTA is not vicariously liable for the torts of its subsidiaries such as MTA Bus Company" (Brunson v City of New York, 150 AD3d at 1190; see Rampersaud v Metropolitan Transp. Auth. of the State of N.Y., 73 AD3d at 888). "The Metropolitan Transportation Authority and its subsidiaries must be sued separately, and are not responsible for each other's torts" (Mayayev v Metropolitan Transp. Auth. Bus, 74 AD3d 910, 911).
Accordingly, the Supreme Court properly, in effect, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the MTA (see Portlette v Metropolitan Transp. Auth., 25 AD3d 389, 390; Emerick v Metropolitan Transp. Auth., 272 AD2d 150, 150).
The plaintiff's remaining contentions need not be reached in light of the foregoing determination.
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court