Espinal v Metropolitan Transp. Auth. (2025 NY Slip Op 06018)

Espinal v Metropolitan Transp. Auth.

2025 NY Slip Op 06018

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Webber, J.P., Kennedy, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 157193/24|Appeal No. 5088|Case No. 2025-02269|

[*1]Eliot Espinal, Plaintiff-Respondent,
v
Metropolitan Transportation Authority, Defendant-Appellant, The City of New York, et al., Defendants.

Metropolitan Transportation Authority, New York (Catherine Wan of counsel), for appellant.
Wingate, Russotti, Shapiro, Moses & Halperin, LLP, New York (Andrew Wanger of counsel), for respondent.

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered February 3, 2025, which denied defendant Metropolitan Transportation Authority's (MTA) motion to dismiss the complaint and all cross-claims as against it, or, alternatively, for summary judgment dismissing the complaint and all cross-claims as against it, unanimously affirmed, without costs.
The MTA failed to establish its entitlement to dismissal of the complaint, as it failed to eliminate all triable issues of fact as to its liability for plaintiff's injuries (see Sanon v MTA Long Is. R.R., 203 AD3d 773, 775 [2d Dept 2022]). Although the MTA's functions with respect to public transportation are, as a matter of law, limited to financing and planning and do not include the operation, maintenance, and control of any facility (Delacruz v Metropolitan Transp. Auth., 45 AD3d 482, 483 [1st Dept 2007]), the record offers no information as to the ownership of the allegedly defective metal grate on which plaintiff was injured. The affirmation of an employee in the MTA's Real Estate Department was conclusory and failed to establish prima facie that the action should be dismissed as against the MTA. The employee failed to state exactly which databases he used, whether other databases were available, the terms he used to conduct the searches, as well as an account of how he conducted the searches. Further, the employee did not include documentary proof to substantiate his assertion that his searches yielded no results (see CPLR 3212[b]; JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385 [2005]). As a result, at this stage of the litigation, the record is insufficient to absolve the MTA of liability, and further discovery is warranted (cf. Robles v City of New York, 235 AD3d 674, 675-676 [2d Dept 2025]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025