Palermo v Metropolitan Tr. Auth. (2026 NY Slip Op 00140)

Palermo v Metropolitan Tr. Auth.

2026 NY Slip Op 00140

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2024-07974
 (Index No. 619249/18)

[*1]Nicole Palermo, appellant, 
vMetropolitan Transit Authority, et al., respondents.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross Friscia], of counsel), for appellant.
Mulholland, Minion, Davey, McNiff & Beyrer, Williston Park, NY (Daniel J. Jager of counsel), for respondents Metropolitan Transportation Authority, incorrectly sued herein as Metropolitan Transit Authority, and Long Island Railroad.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Diana T. Bishop of counsel), for respondent County of Suffolk, New York.
Perillo Hill LLP, Sayville, NY (Timothy F. Hill and Lilia Factor of counsel), for respondent Town of Islip, New York.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated June 18, 2024. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Metropolitan Transportation Authority, incorrectly sued herein as Metropolitan Transit Authority, and Long Island Railroad, the defendant County of Suffolk, New York, and the defendant Town of Islip, New York, which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Metropolitan Transportation Authority, incorrectly sued herein as Metropolitan Transit Authority, and Long Island Railroad which was for summary judgment dismissing the complaint insofar as asserted against the defendant Long Island Railroad, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff by the defendants Metropolitan Transportation Authority, incorrectly sued herein as Metropolitan Transit Authority, and Long Island Railroad, and one bill of costs to the defendant County of Suffolk, New York, and the defendant Town of Islip, New York, payable by the plaintiff.
The plaintiff allegedly tripped and fell on an alleged defect while walking on a sidewalk at or near a train station in Ronkonkoma that was allegedly owned and operated by the defendant Long Island Railroad (hereinafter the LIRR). The plaintiff commenced this action against the defendants Metropolitan Transportation Authority, incorrectly sued herein as Metropolitan Transit Authority (hereinafter the MTA), and the LIRR (hereinafter together the MTA defendants), [*2]the defendant County of Suffolk, New York, and the defendant Town of Islip, New York. Following the completion of discovery, the MTA defendants, the County, and the Town separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. By order dated June 18, 2024, the Supreme Court, among other things, granted those branches of the separate motions. The plaintiff appeals.
Here, the MTA defendants failed to establish, prima facie, that the LIRR did not own or maintain the subject sidewalk. The evidence relied upon by the MTA defendants did not clearly establish the boundaries of the LIRR's ownership of the train station or whether the LIRR maintained the area of sidewalk on which the plaintiff allegedly fell (see Sanon v MTA Long Is. R.R., 203 AD3d 773, 774-775; cf. Hanus v Long Is. Rail Rd., 186 AD3d 679, 681). Accordingly, the Supreme Court should have denied that branch of the MTA defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the LIRR without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court properly granted that branch of the MTA defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the MTA. The MTA is not vicariously liable for the torts of its subsidiaries, such as the LIRR (see Public Authorities Law § 1266[5]; Green v Incorporated Vil. of Great Neck Plaza, 190 AD3d 702, 704; Brunson v City of New York, 150 AD3d 1189, 1190).
Further, the Supreme Court properly granted those branches of the separate motions of the County and the Town which were for summary judgment dismissing the complaint insofar as asserted against each of them. Where, as here "a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Green v Incorporated Vil. of Great Neck Plaza, 190 AD3d at 704 [internal quotation marks omitted]; see Sanon v MTA Long Is. R.R., 203 AD3d at 775). Here, the County and the Town established, prima facie, that they did not receive prior written notice of the alleged defect in the sidewalk as required (see Suffolk County Charter § C8-2[A][2]; Code of Town of Islip § 47A-3; Sanon v MTA Long Is. R.R., 203 AD3d at 775-776; DiGregorio v Fleet Bank of N.Y., NA, 60 AD3d 722, 723). The plaintiff's contention that the County or the Town made special use of the sidewalk where the plaintiff fell was raised for the first time in opposition to the defendants' separate motions for summary judgment and, thus, cannot be considered a basis for defeating summary judgment (see Padarat v New York City Tr. Auth., 175 AD3d 700, 704; Taustine v Incorporated Vil. of Lindenhurst, 158 AD3d 785, 786). In any event, the plaintiff failed to raise a triable issue of fact as to whether the County or the Town derived a special use from the sidewalk or affirmatively created the dangerous condition (see La Fleur v Janowitz, 228 AD3d 636, 638; Sanon v MTA Long Is. R.R., 203 AD3d at 776; see generally Calabrese v City of Albany, 43 NY3d 167; Yarborough v City of New York, 10 NY3d 726, 728).
The parties' remaining contentions either are without merit, need not be reached in light of our determination, or are not properly before this Court.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court