Tineo v Bogart

2026 NY Slip Op 02166

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jose Elmer Tineo, Plaintiff-Respondent,

v

Timothy R. Bogart et al., Defendants-Appellants, Metropolitan Transportation Authority, Defendant.

Decided and Entered: April 09, 2026

Index No. 801318/24|Appeal No. 6335|Case No. 2025-00481|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka of counsel), for appellants.

Wiese & Aydiner, PLLC, Mineola (Si Aydiner of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Patsy Gouldborne, J.), entered on December 23, 2024, which, to the extent appealed from, denied defendants' motion pursuant to CPLR 505(a) to change venue from Bronx to New York County, unanimously reversed, on the law, without costs, and the motion granted.

In an action against a public authority, venue "shall be in the county in which the authority has its principal office or where it has facilities involved in the action" (CPLR 505[a]); see Gumbs v MTA Bus Co., 193 AD3d 617, 617 [1st Dept 2021]; Emerick v Metropolitan Transp. Auth., 272 AD2d 150, 150 [1st Dept 2000]). Defendant MTA Bus Company's principal office is located in New York County. Plaintiff failed to preserve his argument that MTA Bus Company's Bronx facilities were involved in the action. Even were we to consider the argument, we would find that it is unavailing, since the accident arose out of alleged operational negligence, not improper maintenance in a facility (see Gumbs, 193 AD3d at 617-618).

To the extent the Supreme Court relied on CPLR 505(b), that subsection applies only to the New York City Transit Authority, which, although a subsidiary of the MTA, is legally distinct from defendant MTA Bus Company (see Public Authorities Law § 1266[5]; Schulz v State, 84 NY2d 231, 237 n 1 [1994]; Emerick, 272 AD2d at 150; Noonan v Long Is. R.R., 158 AD2d 392, 393 [1st Dept 1990]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026